IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-50698
USDC No. W-95-CV-77
_____

JOHN WHITSON,

                                        Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION,

                                        Respondent-Appellee.


- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
- - - - - - - - - -
February 22, 1996

Before WIENER, PARKER and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Appellant requests that this court issue a certificate of probable cause (CPC) and allow him to proceed in forma pauperis (IFP).  A CPC is required to appeal in a habeas corpus proceeding only "where the detention complained of arises out of process issued by a state court."  See 28 U.S.C. § 2253.  In this case, the issuance of a CPC is unnecessary to establish appellate jurisdiction because the detention complained of does not arise out of process issued by a state court.  Id.  CPC should be DENIED as unnecessary.

_____

     [*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

To qualify for IFP, Whitson must show that he has a nonfrivolous issue for appeal.  Carson v. Polley, 689 F.2d 562, 586 (5th Cir. 1982).  Appellant contends that his due process rights were violated by prison officials because:  1) they refused to remove unspecified erroneous information from his prison file; 2) he was wrongly denied parole; and 3) he lost good time credits due to a prison directive that directed that forfeited good time credits would no longer be restored to certain classes of prisoners.  We find no nonfrivolous issue for appeal for essentially the reasons stated by the district court.  Accordingly, Whitson's motion to proceed IFP is DENIED and his appeal is DISMISSED.